# HOLIDAY LAKE APARTMENTS v SMITH
## Case No. 88-946-CK

Seventeenth Judicial Circuit, Broward County

February 1, 1988

### APPEARANCES OF COUNSEL

**Michael Beraha** for plaintiff.

**Howard J. Nussbaum,** Legal Services of Broward County, Inc., for defendants.

### OPINION OF THE COURT

J. BART BUDETTI, Circuit Judge.

THIS CAUSE came before the Court for Final Hearing on January 22, 1988. Upon consideration of the Plaintiff's Complaint for Tenant

Eviction, Plaintiff's Exhibits (to-wit: Model Lease for Subsidized Programs; Notice of Termination of Tenancy; First Notice; Second Notice; Third Notice; letter to Mr. and Mrs. Smith dated September 9, 1987; Notice from Division of Worker's Compensation dated January 20, 1986), Defendants' Answer, Affirmative Defenses and Counterclaim, testimony of the parties, arguments presented by counsel for the respective parties, and applicable state law and federal regulations, the Court hereby finds as follows:

### FINDINGS OF FACT

1. Plaintiff is a multi-family housing project which receives mortgage insurance benefits from the Housing and Urban Development ("HUD") program under Section 236 of the National Housing Act, 12 U.S.C. 1715 z-1, and participates in the Section 8 rental subsidy program, 42 U.S.C., 1437f, of the Housing and Community Development Act of 1974 ("the Section 8 program").

2. Defendants are tenants at Holiday Lake Apartments under a rental agreement entitled "Model Lease for Subsidized Programs" executed December 9, 1987. Said lease provided for a subsidized rental payment due from Defendant of $191.00 per month, with the balance paid by HUD, pursuant to their participation in the Section 8 rental assistance program.

3. On July 6, 1987, the Plaintiff caused to be delivered to Defendants a "First Notice" (Plaintiff's Exhibit 3) requiring Defendants to meet with Plaintiff for the purpose of recertifying their eligibility for Section 8 rental assistance. The notice required Defendants to bring in the following information:

1. Addresses of all employees;

2. Birth Certificates on all household members including yourself;

3. Marriage license and/or divorce decree, social security cards on all family members including yourself;

4. Verification of SSI payments, AFDC, Social Security payments and any other source of income;

5. Verification of payments for child care and medical payments."

4. On July 27, 1987, the Plaintiff caused to be delivered to Defendants a "Second Notice" (Plaintiff's Exhibit 4) which demanded that the Defendants bring in the same five categories of information as specified in the First Notice and other data. Therefore, both the First and Second Notices obligated the Defendants to not only supply the specified information but to verify certain information as well.

**115**

5. On August 6, 1987, Plaintiff caused to be delivered to Defendants a "Third Notice" (Plaintiff's Exhibit 5) which purported to terminate Defendants' Section 8 rental assistance allegedly due to their failure to meet with Plaintiff and to supply to Plaintiff all required information as specified in the preceding notices.

6. Prior to the expiration of these notices, Defendants met with Plaintiff and supplied the information and data requested therein.

7. However, Plaintiff proceeded to terminate Defendants' Section 8 rental subsidy allegedly due to their failure to verify certain of the information supplied, and on October 7, 1987, Plaintiff caused to be delivered to Defendants a Notice of Termination of Tenancy, which alleged that Defendants had failed to timely pay a monthly rent of $386, the total unsubsidized rental amount for the premises at issue.

### CONCLUSIONS OF LAW

A. The notices used by Plaintiff in their recertification procedure, specifically, their *"First Notice"* and their *"Second Notice"*, are fatally defective in that they require the tenant to not only supply the information specified therein but to verify certain of the information as well, in violation of applicable federal regulations, HUD Handbook for Multi-Family Subsidized Housing Programs 4350.3, promulgated thereunder, and the Model Lease for Subsidized Programs, paragraph 15. Whereas, it was and is, the sole responsibility of Plaintiff to verify the information supplied by Defendants pursuant to the process for recertification of eligibility for Section 8 rental assistance program.

B. Plaintiff did wrongfully terminate Defendants' Section 8 rental assistance due to Plaintiff's failure to provide the Defendants proper notices and Plaintiff's failure to properly verify the information provided to Plaintiff by Defendants pursuant to the procedure for recertifying Defendants' eligibility for said assistance.

Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Complaint for Tenant Eviction is denied on the merits.

2. Plaintiff shall proceed with due diligence to complete the recertification process with respect to Defendants, without requiring Defendants to supply any additional information or documents with the exception of requesting the Defendants to sign a release of information form for Worker's Compensation and the Army Reserve.

3. Defendants shall pay within twenty-four (24) hours of the entry of this Final Judgment their previous rent of $191.00 per month for the

116

period October 1, 1987 through January 31, 1988 (to-wit: $764.00), and Plaintiff shall accept same as payment in full for said rental period for the premises at issue.

4. Defendants shall continue to pay the amount of $191.00 per month rent for the premises until such time as Plaintiff has properly completed the process of recertifying Defendants' eligibility for Section 8 assistance.

5. This Court retains jurisdiction to determine an award of taxable costs and attorney's fees for Defendants' attorney, if any.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of February, 1988.